IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. DUNMORE, # R-64188, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00184-JPG |
| | ) |
| MARC HODGE, BETH TREDWAY, | ) |
| LOUIS SHICKER, DR. PHIL MARTIN, | ) |
| JOHN B. COE, STEVEN ADAMSON, | ) |
| EDDIE EDWARDS and ILLINOIS | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James Dunmore, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794-94e (Doc. 1). Plaintiff's claims arise from the early termination of his physical therapy following back surgery and the denial of prison yard access based on its lack of a wheelchair accessible toilet. Plaintiff seeks more intensive physical therapy at Lawrence or another facility, and he seeks wheelchair access to Lawrence's prison yard restroom. He also requests monetary damages, declaratory judgment, and injunctive relief.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

1

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff is a seventy-five year old prisoner (Doc. 1, p. 5). In November 2011, he underwent major back surgery that left him confined to a wheelchair (Doc. 1, pp. 3, 5). Plaintiff was transferred to Lawrence in August 2012. He began a course of physical therapy on October 31, 2012. However, it was discontinued on January 9, 2013. The physical therapist

opined that Plaintiff showed no signs of improvement and would not benefit from further therapy.

Plaintiff maintains that more intensive physical therapy is necessary to regain his mobility (Doc. 1, p. 2). However, Lawrence's physical therapy program is new and limited in its scope. Plaintiff now seeks additional physical therapy at Lawrence or a transfer to Dixon Correctional Center ("Dixon"), which allegedly has a more comprehensive physical therapy program (Doc. 1, p. 8).

In 2013, Plaintiff asked the following prison officials for a medical recovery/ADA transfer: (1) Ernest Shelton, Plaintiff's unit counselor, on January 18th; (2) Phil Martin,[1] Lawrence's health care administrator, on January 18th; (3) Albe Butalid, Lawrence's only medical doctor at the time, on January 29th; (4) Louis Shicker, IDOC's medical director, on January 24th, February 10th,[2] July 11th, and September 5th; and (5) John Coe, Lawrence's medical director, on June 7th (Doc. 1, p. 4). He has named Martin, Shicker, and Coe as defendants in this action.

The complaint also alleges that Lawrence is not equipped with a wheelchair accessible toilet in its prison yard (Doc. 1, p. 6). On March 28, 2013, Plaintiff needed to use the restroom while out in the yard. When he could not access the toilet, Plaintiff asked two correctional officers, Defendants Adamson and Edwards, to take him to a restroom in the cell house. They refused to do so. As a result, Plaintiff "was force[d] to urinate on himself" (Doc. 1, p. 6). Thereafter, they told Plaintiff to "stay in his cell at yard time."

---

[1] When Plaintiff arrived at Lawrence, the prison allegedly had no on-site medical director. Therefore, Plaintiff had to request physical therapy and/or a medical transfer directly from Defendant Martin (Doc. 1, p. 6).
[2] Plaintiff's wife submitted this request.

Plaintiff filed a grievance with Defendant Tredway, Lawrence's assistant warden the following day. Although Defendant Tredway assured Plaintiff that his needs would be met and his issue would be addressed, no corrective action was taken. Since then, Plaintiff has not been allowed yard access, and the outhouse has not been made wheelchair accessible.

Plaintiff asserts numerous claims against Defendants for violations of his rights under the Eighth Amendment, ADA, and Rehabilitation Act, all of which will be addressed in more detail below. He seeks declaratory judgment, monetary damages, and injunctive relief.

**Discussion**

Based on the allegations in the complaint, the Court finds it convenient to divide this *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Defendants Martin, Shicker, and Coe violated Plaintiff's right to receive adequate medical care under the Eighth Amendment when they denied his request for a medical/ADA transfer (Doc. 1, p. 6);**
>
> **Count 2:** **Defendants Adamson, Edwards, and Tredway violated Plaintiff's Eighth Amendment rights by denying him toilet access on March 28, 2013, and yard access thereafter (Doc. 1, pp. 6-7);**
>
> **Count 3:** **Defendants Adamson, Edwards, Tredway, Hodge and IDOC violated the ADA and/or Rehabilitation Act by failing to provide Plaintiff with a wheelchair accessible toilet in the prison yard (Doc. 1, pp. 6-7);**
>
> **Count 4:** **Defendants Tredway and Hodge violated Plaintiff's due process rights by "not addressing the issues" and "holding back on decisions" related to his grievances (Doc. 1, p. 7).**

**Count 1**

After carefully considering the allegations, the Court finds that the complaint states a colorable medical needs claim against Defendants Martin, Shicker, and Coe under the Eighth Amendment based on their denial of his access to further physical therapy and/or a medical transfer (**Count 1**). Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).

> Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). At this early stage in litigation, the Court finds that the complaint satisfies the minimum pleading requirements of an Eighth Amendment medical needs claim. Plaintiff's confinement to a wheelchair following back surgery and his alleged need for more aggressive physical therapy is sufficiently serious to meet the Court's threshold standard for a medical needs claim. Less clear is the role Defendants Martin, Shicker, and Coe played in denying Plaintiff access to medical care, in the form of physical therapy and/or a medical transfer. However, at this early stage, the Court will allow Plaintiff to proceed with **Count 1** against Defendants Martin, Shicker, and Coe.

**Count 2**

Plaintiff claims that Defendants Adamson, Edwards, and Tredway violated his Eighth Amendment rights by refusing him access to a toilet in the prison yard (**Count 2**) on March 23, 2013 (i.e., Adamson and Edwards only), and thereafter denying him all prison yard access

because there was no toilet available for his use (i.e., Adamson, Edwards, and Tredway) (Doc. 1, pp. 6-7). These deprivations relate to the conditions of Plaintiff's confinement.

In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). In this context, the objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes,* 452 U.S. at 346; *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson,* 501 U.S. at 304.

The Seventh Circuit has observed that "[a]dequate food and facilities to wash and use the toilet are among the 'minimal civilized measures of life's necessities,' *Rhodes v. Chapman*,

6

452 U.S. 337, 347 (1981), that must be afforded prisoners." *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing *Wilson*, 501 U.S. at 304; *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *LaFault v. Smith*, 834 F.2d 389, 392-94 (4th Cir. 1987)). The complaint alleges that Plaintiff was denied toilet access in the yard, but only once.

When combined with his outright denial of yard access, which the complaint suggests dates back to March 2013, the Court finds that the complaint satisfies the objective component of an Eighth Amendment claim at this early stage. In determining when a denial of yard access crosses the line into cruel and unusual punishment, the Seventh Circuit has provided the following guidance: "[W]e can imagine the norm's being violated by imposing a 90-day denial of yard privileges for some utterly trivial infraction of the prison's disciplinary rules . . . ." *Pearson v. Ramos*, 237 F.3d 881 (7th Cir. 2001). In the present case, Plaintiff allegedly did nothing wrong. It was the lack of toilet access that triggered his denial of yard access beginning in March 2013. Under these circumstances, the Court finds that the complaint satisfies the objective component of the conditions of confinement claim.

The complaint must still satisfy the subjective component, which requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 303; *Estelle*, 429 U.S. at 104; *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). Although

the Court takes no position on the ultimate merits of this claim, the Court finds that it meets the minimum threshold requirements at this time.

Accordingly, Plaintiff shall be allowed to proceed with **Count 2** against Defendants Adamson, Edwards, and Tredway.

**Count 3**

The complaint states a viable claim under the ADA, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794-94e (**Count 3**). The ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act also prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. Discrimination under both includes the failure to accommodate a disability. Based on the allegations in the complaint, Plaintiff shall be allowed to proceed with Count 3.

However, this claim cannot proceed against the individual defendants named in connection with this claim, including Defendants Tredway, Edwards, Adamson, and Hodge. Individual employees of the Illinois Department of Corrections ("IDOC") cannot be sued under the ADA or Rehabilitation Act. *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Plaintiff has named the IDOC in connection with this claim, and he shall be allowed to proceed with **Count 3** against the IDOC.

**Count 4**

The due process claim (**Count 4**) fails. Plaintiff sues Defendants Tredway and Hodge for "not addressing the issues" and "holding back on decisions" related to his grievances (Doc. 1, p. 7). These allegations are vague. They are also ambiguous. It is unclear whether this claim arises from Plaintiff's disagreement with the outcome of his grievances, a delay in processing them, both, or neither. In any event, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Furthermore, a cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Accordingly, **Count 4** shall be dismissed with prejudice.

**Pending Motions**

1. **Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to a magistrate judge for a decision.

2. **Motion for Injunctive Relief (Doc. 1)**

In the body of the complaint (Doc. 1), Plaintiff requests a preliminary and permanent injunction (Doc. 1, p. 8). He asks the Court to issue an injunction requiring Defendants to "see that Plaintiff . . . receive[s] the type of [p]hysical [t]herapy he needs to help him get out of his wheelchair . . . or transfer Plaintiff to Dixon . . . where Plaintiff can receive the type of treatment

he needs." The Court saves for another day the question of whether to issue a permanent injunction.

In considering whether to grant a preliminary injunction, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Without expressing any opinion on the ultimate merits of Plaintiff's claim for relief, the Court finds that a preliminary injunction should *not* be issued at this time. With respect to these claims, the motion for preliminary injunction does not set forth specific facts demonstrating the likelihood of any immediate or irreparable harm, nor do they meet any of the remaining criteria outlined above. *See* FED. R. CIV. P. 65(b)(1)(A). Plaintiff's back surgery and resulting confinement to a wheelchair occurred more than two years ago, in November 2011. The physical therapy at issue took place between late October 2012 and early January 2013. The complaint does not suggest that Plaintiff's condition (i.e., his confinement to a wheelchair and/or ability to walk) has changed in any way during that time period or since then. Plaintiff's request for a preliminary injunction is **DENIED**; however, this dismissal is without prejudice.

**Defendant Hodge**

Because Plaintiff seeks injunctive relief, Defendant Hodge, Lawrence's warden, shall remain in this action in his official capacity and only as it pertains to his request for injunctive relief.

**Disposition**

**IT IS ORDERED** that **COUNT 4** is **DISMISSED** with prejudice from this action for failure to state a claim upon which relief can be granted.

With respect to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for **DEFENDANTS ADAMSON, COE, EDWARDS, HODGE, MARTIN, SHICKER, TREDWAY,** and **ILLINOIS DEPARTMENT OF CORRECTIONS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 11, 2014**

*s/J. Phil Gilbert*
United States District Judge
