UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. DUNMORE,<br><br>Plaintiff,<br><br>v.<br><br>MARC HODGE, BETH TREDWAY, LOUIS SHICKER, DR. PHIL MARTIN, JOHN B. COE, STEVEN ADAMSON, EDDIE EDWARDS and ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | Case No. 14-cv-184-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 39) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff James E. Dunmore's motion for a preliminary injunction directing the defendants to obtain physical therapy services for Dunmore beyond those that are available at Lawrence Correctional Center ("Lawrence"), where he is currently housed (Doc. 36). Dunmore objects to the Report (Doc. 40).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Dunmore is recovering from back surgery and seeks a transfer to Dixon Correctional Center where he can receive additional physical therapy services beyond those available at Lawrence. The Report finds that Dunmore is not likely to be able to show the defendants were

deliberately indifferent to his serious medical need for physical therapy beyond what Lawrence offers. In his objection, Dunmore reiterates his position that he faces irreparable harm if he does not receive appropriate physical therapy and notes that the therapy can be obtain *either* by a transfer to Dixon or by physical therapy conducted outsider the institution even without a transfer.

In the meantime, Dunmore has conceded in a response to a summary judgment motion (Doc. 48) that he has not exhausted his administrative remedies as to Count 1, the Count that serves as the basis for this preliminary injunction request, and that Count 1 should be dismissed. Because he has not exhausted his administrative remedies as to Count 1, the Court finds that Dunmore is not likely to succeed on the merits of his claim for additional physical therapy services and therefore is not entitled to preliminary injunctive relief. When he exhausts his administrative remedies, Dunmore may file a new lawsuit and seek injunctive relief at that time. Based on this *de novo* review of the matter, the Court hereby:

- **ADOPTS** the Report as **MODIFIED** by this order (Doc. 39); and
- **DENIES** Dunmore's motion for a preliminary injunction (Doc. 36).

**IT IS SO ORDERED.**
**DATED:   October 23, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**