UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. DUNMORE,<br><br>        Plaintiff,<br><br>    v.<br><br>MARC HODGE, BETH TREDWAY, LOUIS SHICKER, DR. PHIL MARTIN, JOHN B. COE, STEVEN ADAMSON, EDDIE EDWARDS and ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>        Defendants. | Case No. 14-cv-184-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff James E. Dunmore's motion to reinstate the claims he asked to be voluntarily dismissed because he had not yet exhausted his administrative remedies (Doc. 64) and motion to amend his complaint to add new defendants and claims (Doc. 65). Since Dunmore voluntarily dismissed this case, he has exhausted his remedies. Dunmore has not cited any rule as a basis for his request, and the Court will not manufacture an argument for him.

Even if there was authority for reinstating Dunmore's case, such as Federal Rule of Civil Procedure 60(b), reinstatement would be inappropriate. It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). There are no extraordinary circumstances here.

Furthermore, reinstatement would be futile. This case was considered "brought" when Dunmore tendered his complaint to the Court on February 12, 2014, before he exhausted his administrative remedies. *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004) (holding "an action

is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk"). Thus, regardless of whether this action is reinstated now, Dunmore "brought" this action before he exhausted his administrative remedies, which would warrant dismissal. Dunmore cannot escape this result by reinstating this case or filing an amended pleading after exhaustion is complete. *See Mlaska v. Shah*, 428 F. App'x 642, 645 (7th Cir. 2011) (approving refusal to reopen on evidence that plaintiff exhausted remedies after court had dismissed original complaint) He may, however, commence a new lawsuit to properly bring his now-exhausted claims before the Court.

For these reasons, the Court **DENIES** Dunmore's motion to reinstate (Doc. 64) and motion for leave to amend (Doc. 65).

**IT IS SO ORDERED.**
**DATED:   January 27, 2016**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**